ANTHONY J. NAPOLITANO (SBN: 227691)
    anapolitano@buchalter.com
BUCHALTER LLP
1000 Wilshire Boulevard, 15th Floor
Los Angeles, California 90017-1730
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for secured creditor
ZIONS BANCORPORATION, N.A.
d/b/a CALIFORNIA BANK & TRUST

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:26-bk-14634-SY |
| THE PALM VALLEY SCHOOL, INC., | Chapter 11 |
| Debtor and Debtor in Possession. | **PRELIMINARY LIMITED OBJECTION OF SECURED CREDITOR ZIONS BANCORPORATION, N.A. TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING AND FOR THE GRANTING AND/OR THE PRIMING OF EXISTING PRE-PETITION LIENS ON REAL PROPERTY** |
| | **Emergency Hearing:** |
| | Date:       June 10, 2026 |
| | Time:       1:30 p.m. PDT |
| | Place:      U.S. Bankruptcy Court |
| |                   Courtroom 302 |
| |                   3420 Twelfth Street |
| |                   Riverside, California 92501 |
| | Judge:      Hon. Scott H. Yun |

BUCHALTER LLP
LOS ANGELES

1

**PRELIMINARY LIMITED OBJECTION TO THE DEBTOR'S DIP FINANCING MOTION**

110863627v1

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, ITS COUNSEL, THE U.S. TRUSTEE, AND ALL PARTIES IN INTEREST:**

Zions Bancorporation, N.A. d/b/a California Bank & Trust ("Zions"), senior secured creditor of The Palm Valley School, Inc., debtor and debtor in possession in the above-captioned bankruptcy proceeding (the "Debtor"), respectively submits this *Preliminary Limited Objection* to the Debtor's *Emergency Motion for an Order Authorizing the Debtor to Obtain Postpetition Financing and for the Granting and/or the Priming of Existing Pre-Petition Liens on Real Property* [Docket No. 5] (the "DIP Financing Motion") as follows:

## I.    INTRODUCTION

Zions has had less than twenty-four hours to review the Debtor's proposal to obtain post-petition financing on the terms and conditions that have been outlined in the DIP Financing Motion. Even though objections to the DIP Financing Motion may be presented at tomorrow's hearing, Zions submits this preliminary limited objection to help inform the Court of its concerns and issues with the proposed financing. Given that this is an emergency preliminary hearing, Zions reserves all of its rights to raise a more fulsome set of objections in connection with the final hearing on the DIP Financing Motion to be held in accordance with Rule 4001(c)(2)(A) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 4001-2.

Zions understands the Debtor's financial position and prospects and the equities of this case particularly in light of having to make the difficult decision of shutting down a school. Zions chief concern relates to the proposed priming of its lien and the Debtor's ability to adequately protect its interest if subordinated down the capital stack by up to $1.315 million in new financing. To support its DIP Financing Motion, the Debtor points to an appraisal from July 2025 (nearly a year old) to support an equity value of $24.8 million based largely on an "as-is" income capitalization approach. That value was obtained when the school was operating as a going concern with an enrollment of 255 students. That scenario no longer exists. The school has been shut down effective as of the end of this academic year. There is no longer a going concern here.[1]

---

[1] Further, the appraisal relied upon by the Debtor is attached as Exhibit 6 to the DIP Financing Motion; however, the Debtor only included the executive summary of the appraisal in the 13-page exhibit. The full 211 page appraisal should be submitted into evidence to provide for a full and complete analysis of these historical values.

BUCHALTER LLP
LOS ANGELES

2

**PRELIMINARY LIMITED OBJECTION TO THE DEBTOR'S DIP FINANCING MOTION**
110863627v1

Perhaps, a more appropriate value for the school would be the recent proposed sale amount of $11,500,000 disclosed by the Debtor. *See* DIP Financing Motion, p. 4, ln. 12-14. Under that scenario, after costs of sale (estimated at 7% or $805,000), payment of property taxes (estimated at $37,000), Zion's secured claim (estimated at $5,850,000), and second lien debt (estimated at $2,500,000), there would be net equity of only $2,308,000. After imposing a priming lien of $1,315,000, there would be less than a million dollars of equity available to protect the interests of Zions and the second priority secured lender.

In the coming weeks, Zions anticipates that some of these issues can be sorted out to provide Zions with sufficient adequate protection of its interests. In the meantime, Zions respectfully requests the Court narrowly tailor any relief sought in the DIP Financing Motion to address the most imminent needs of the Debtor while protecting Zions' rights.

**II.     STATEMENT OF FACTS**

On October 29, 2021, the Debtor, as borrower, executed and delivered that certain *Promissory Note (Commercial – Single Advance)* in the principal amount of $5,850,000.00 payable to First Bank, a Colorado banking corporation ("Original Lender"), as lender (the "Note"). The obligations evidenced by the Note are secured by a *Deed of Trust* executed on October 29, 2021 by the Debtor, as trustor, for the benefit of the Original Lender (the "Deed of Trust").

The Original Lender recorded the Deed of Trust on November 4, 2021 as Document No. 2021-0655929 in the Official Records of the Recorder's Office for the County of Riverside (the "Recorder's Office") against the real property commonly known as 35525 Da Vall Drive, Rancho Mirage, California 92270 (the "Property"). The Deed of Trust contains an assignment of all present and future leases of the Property and all rents from the Property to and for the benefit of the Original Lender.

The Note and Deed of Trust were assigned to Zions on or about March 24, 2025. On March 24, 2026, the Original Lender executed that certain *Corporation Assignment of Deed of Trust* (the "Assignment") thereby assigning the Deed of Trust to Zions. Zions recorded the Assignment as Document No. 2025-0086600 on March 24, 2025 in the Official Records of the Recorder's Office against the Property.

BUCHALTER LLP
LOS ANGELES

3

**PRELIMINARY LIMITED OBJECTION TO THE DEBTOR'S DIP FINANCING MOTION**
110863627v1

### III.   ARGUMENT

#### A.   The legal standard for approval of a priming lien.

Section 364(d) provides that if the trustee or debtor in possession is unable to obtain credit or financing on any other basis, such as provided by section 364(c), credit may be secured by a lien on property of the estate that is senior to or equal to an existing lien on the property, provided that the existing lienholder is adequately protected.   The ability to prime an existing lien is extraordinary, and the Debtor must make an exacting showing that it satisfied the requirements for inability to obtain alternative financing. *See, e.g.*, *Suntrust Bank v. Den-Mark Constr., Inc. (In re Den-Mark Constr., Inc.)*, 406 B.R. 683, 689-92 (E.D.N.C. 2009) (inadequate showing of inability to obtain financing on less onerous terms where debtors failed to identify any of the unreceptive alternative sources they approached).

Section 364(d) specifically provides that the Court may authorize the incurrence of debt by a priming lien ". . . **only if**: . . . there is adequate protection of the holder of the lien on the property of the estate on which the . . . senior lien is proposed to be granted."   11 U.S.C. § 364(d)(1)(B). Moreover, "the trustee [or debtor in possession] has the burden of proof on the issue of adequate protection."   11 U.S.C. § 364(d)(2).   While the Bankruptcy Code does not define "adequate protection," it instead provides only illustrative examples, none of which truly apply here. 11 U.S.C. § 361.   However, courts consider a sufficient "equity cushion" to be a form of adequate protection.   An equity cushion has been defined as "the value in the property above the amount owed to the creditor with a secured claim that will shield that interest from loss due to any decrease in value of the property during the time the automatic stay remains in effect." *In re Mellor*, 734 F.2d 1396, 1400 n.2 (9th Cir.1984) (generally finding an equity cushion of 10% to 20% to be appropriate); *see also In re McGowan*, 6 B.R. 241 (Bankr. E.D. Pa. 1980) (10% is adequate).

#### B.   Debtor has not satisfied the legal standard for approval of a priming lien.

The Debtor in its DIP Financing Motion general states that it attempted to obtain financing on better terms, but the specifics of that process are unclear.   Indeed, the declaration in support of the DIP Financing Motion simply states "the Debtor made a concerted effort in good faith to obtain credit on the most favorable terms available."   DIP Financing Motion, ECF p. 25 of 148, ln.17-18.

More needs to be provided to give creditors and the Court assurance that the proposed priming lien DIP Financing option is the only option available to the Debtors.  This is especially true since the adequate protection of an equity cushion may not be sufficient.  Given a potential sale value of $11.5 million and a resulting equity cushion for all creditors of less than $1 million, these numbers do not provide the primed creditors with the necessary adequate protection of their interests.

The Debtor also maintains that the payment of the various expenditures outlined in the DIP financing budget are necessary to preserve value.  But, these services primarily relate to an orderly wind down of the schools operations and transition of students.  While a laudable goal, the Debtor needs to provide further assurances as to how the incurrence of these expenses will benefit the secured creditors justifying subordination of their collateral rights by up to $1.315 million.

**IV.     CONCLUSION**

Zions anticipates that many of these issues can and will be resolved in the interim period between tomorrow's preliminary hearing and the final hearing on the DIP Financing Motion.  In the meantime, Zions respectfully requests the Court narrowly tailor any relief sought in the DIP Financing Motion to address the most imminent needs of the Debtor while protecting Zions' adequate protection and collateral rights.

DATED:  June 9, 2026                              BUCHALTER LLP


                                                  By:   */s/ Anthony J. Napolitano*
                                                          ANTHONY J. NAPOLITANO

                                                  Attorneys for secured creditor
                                                  ZIONS BANCORPORATION, N.A.
                                                  d/b/a CALIFORNIA BANK & TRUST

BUCHALTER LLP
LOS ANGELES

**PRELIMINARY LIMITED OBJECTION TO THE DEBTOR'S DIP FINANCING MOTION**
110863627v1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

BUCHALTER LLP, 1000 Wilshire Blvd., 15th Floor, Los Angeles, California  90017.

A true and correct copy of the foregoing document entitled (*specify*): **PRELIMINARY LIMITED OBJECTION OF SECURED CREDITOR ZIONS BANCORPORATION, N.A. TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING AND FOR THE GRANTING AND/OR THE PRIMING OF EXISTING PRE-PETITION LIENS ON REAL PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **06/09/2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Abram Feuerstein**    abram.s.feuerstein@usdoj.gov
- **Alina Mamlyuk**    am@shaw.law
- **Ali Matin**    ali.matin@usdoj.gov
- **Summer M Shaw**    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **06/09/2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:**
The Palm Valley School, Inc.
35-525 Da Vall Drive
Rancho Mirage, CA 92270

**Manual Notice Party**:
Stretto Inc
410 Exchange Ste 100
Irvine, CA 92602

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Presiding Judge (Via Hand Delivery)**:
Hon. Scott H. Yun
USBC Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/09/2026 | Margie Arias | */s/ Margie Arias* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**